UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

George Wassouf

    v.                                      Case No. 11-cv-51-SM

United States of America         Opinion No. 2011 DNH 021

**O R D E R**

Almost ten years ago, the petitioner, a Syrian citizen, pled guilty to and was convicted of bank fraud in this court. United States v. Wassouf, No. 01-cr-1-SM (D.N.H.). He was sentenced to 33 months in prison and a 5-year period of supervised release.

Petitioner completed his prison sentence on October 1, 2003. He was promptly taken into custody by Immigration and Customs Enforcement agents, and deportation proceedings were begun, based upon his federal conviction. Petitioner then filed a motion for relief from his conviction and sentence under the provisions of 28 U.S.C. § 2255, claiming that his trial defense counsel provided constitutionally deficient representation, in that he failed to file a notice of appeal as petitioner had directed. After considering the record, and trial counsel's response, the court granted the motion to the extent of affording petitioner a renewed opportunity to file an appeal, which he did. See Wassouf v. United States, 2003 WL 22474623 (D.N.H. Oct. 31, 2003).

Because petitioner took advantage of the opportunity to appeal, his conviction was no longer final.  Accordingly, the administrative removal proceedings were terminated without prejudice, pending final resolution of petitioner's criminal case.

On his belated direct appeal petitioner argued, <u>inter alia</u>, that his trial counsel failed to tell him that his guilty plea to a felony might result in his being deported.  On that basis, he sought to have his conviction overturned and his plea withdrawn.  In 2005, the court of appeals affirmed the conviction and sentence, finding that petitioner abandoned his ineffective assistance claim, because he raised it in only a perfunctory manner, unaccompanied by any developed argument.  The court also noted that the claim appeared to be meritless.  <u>See</u> <u>United States v. Wassouf</u>, App. No. 03-2602 (1st Cir. Sept. 13, 2005).  At that time, no circuit court of appeals had held that defense counsel's failure to advise a non-citizen defendant that a guilty plea and conviction might result in removal proceedings constituted ineffective assistance of counsel under the Sixth Amendment.  Those courts that had considered the issue generally agreed that such a failure related only to a collateral matter, and did not deprive a criminal defendant of effective assistance of counsel in the criminal prosecution.

Petitioner's 5-year term of supervised release was scheduled to expire on October 1, 2008. Because he resided in Massachusetts, on September 6, 2006, jurisdiction was transferred to the District of Massachusetts. Petitioner had by then violated the terms of his supervised release and, after pleading guilty, was sentenced in December of 2006, to 6 months in prison followed by 12 months of supervised release. United States v. Wassouf, No. 06-cr-10300-NMG, (D. Mass.). Petitioner completed the 6-month sentence in June of 2007, after which he was again promptly taken into custody pending removal, or deportation, proceedings. (The 12-month supervised release term presumably expired without further violations in June of 2008.)

The renewed deportation proceedings were also dismissed, without prejudice, for procedural reasons. But, within a week of that procedural dismissal, removal proceedings were begun yet again. See Wassouf v. United States, et al., No. 09-cv-11738-RWZ (D. Mass.). On December 3, 2007, an Administrative Law Judge ordered petitioner removed to Syria, which order was subsequently carried out.

On March 31, 2010, the Supreme Court decided Padilla v. Kentucky, 130 S.Ct. 1473 (2010), holding that criminal defense counsel are obligated to inform their non-citizen clients of the

deportation consequences of a guilty plea and resulting conviction. Id. at 1483. Failure to so advise a non-citizen client will, in most cases, render counsel's performance constitutionally deficient, under the first part of the ineffective assistance of counsel test set out in Strickland v. Washington, 466 U.S. 668 (1984). Based on Padilla, petitioner filed the pending motion seeking to collaterally attack his federal bank fraud conviction, on ineffective assistance of counsel grounds. The government objects.

Petitioner styles his motion as one for coram nobis relief under the All Writs Act, 28 U.S.C. § 1651, rather than one for relief under 28 U.S.C. § 2255. Neither petitioner nor the government addresses his custody status at the time he filed the motion (July 9, 2010), but the record discloses that petitioner was no longer in custody with respect to the challenged conviction.

By July of 2008, two years before this motion was filed, petitioner had completed the 33-month sentence, the 6-month sentence imposed for violations of the terms of his supervised release, and the 12-month period of reimposed supervised release. If petitioner had been "in custody" in July of 2010, then his motion could not be considered by this court. In that

circumstance, § 2255 would provide the appropriate remedy, not coram nobis, and the motion would be recast as a second or successive petition under § 2255.  The court of appeals has not certified that the motion invokes a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," so this court would be without jurisdiction to consider that second or successive petition.  28 U.S.C. § 2255(h)(2); see Trenkler v. United States, 536 F.3d 85, 98 (1st Cir. 2008).

The writ of coram nobis, on the other hand, "is ordinarily available only to a criminal defendant who is no longer in custody."  Id.  As it seems reasonably certain that petitioner was no longer "in custody" with respect to the challenged conviction when he filed the motion, the relief provided by § 2255 is not available to him.  But coram nobis relief is.  And, as the petition represents a collateral challenge that is civil in nature, it is properly docketed as a separate case.[1]

Whether petitioner can benefit from Padilla's holding depends, initially, upon whether it is retroactively applicable to his case.  Those courts that have considered whether Padilla's

---

[1] Petitioner filed the motion in the underlying criminal case.  The Clerk has been directed to assign the petition a civil docket number.

5

rule has retroactive effect are decidedly not in agreement. See e.g., United States v. Haddad, 2010 WL 2884645 (E.D. Mich. July 20, 2010) (Padilla is not retroactively applicable); United States v. Gilbert, 2010 WL 4134286 (D.N.J. October 19, 2010) (same); United States v. Perez, 2010 WL 4643033 (D. Neb. November 9, 2010) (same); United States v. Hubeniq, 2010 WL 2650625 (E.D. Cal. July 1, 2010) (Padilla is retroactively applicable); United States v. Chaidez, 730 F. Supp. 2d 896, (N.D. Ill. 2010) (same); Al Kokabani v. United States, 2010 WL 3941836 (E.D.N.C. July 30, 2010) (same).

The court of appeals for this circuit has not yet had occasion to decide the issue, and reasonable jurists certainly can (and do) disagree about whether Padilla applies retroactively. It is not necessary, however, to decide that issue to resolve this case. Even assuming for argument's sake that Padilla is retroactively applicable, to obtain relief petitioner must show not only that trial counsel's performance was constitutionally deficient, but **also** that counsel's deficient performance prejudiced him in some way. Strickland, 466 U.S. at 687. That, he cannot do.

Accepting then, that coram nobis review is available, and that trial defense counsel did not personally advise petitioner

of the removal consequences of his guilty plea and resulting felony conviction, and that his representation was, under Padilla, sufficiently deficient to satisfy the first part of Strickland's ineffective assistance test,[2] the second part of the Strickland test (i.e., prejudice) must be considered. When a petitioner claims ineffective assistance of counsel with respect to a guilty plea, he must show that he was materially prejudiced by counsel's deficient performance, in that, had he been properly informed, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also Premo v. Moore, 131 S.Ct. 733 (2011).

Petitioner cannot meet that burden here. The record, as the government points out, completely undermines petitioner's suggestion of prejudice. Before pleading guilty in this court, petitioner was fully aware that removal proceedings would likely follow his guilty plea and conviction. Indeed, well before he was arrested on this federal charge, petitioner pled guilty to, and was convicted of, similar offenses (larceny, forgery, uttering forged instruments) in the Middlesex (Massachusetts)

---

[2] Under the particular circumstances of this case, it may well be that counsel's failure did not run afoul of the first part of the Strickland test. As discussed later, petitioner had multiple representation during the prosecution of his criminal case, including separate immigration counsel before and after he entered his guilty plea in the underlying criminal case.

District Court, Lowell Division.  Based upon those state convictions, on April 21, 2000, the Immigration and Naturalization Service (INS) began deportation proceedings against petitioner.  In response, petitioner successfully moved the state court to vacate his state guilty pleas and convictions because (in his own words):

> 4.  Because of these [state] convictions and sentences the INS is in the process of deporting me.
>
> 5.  If I had thought that I could be deported, I would never have entered into the plea agreement.
>
> 6.  During the plea hearing, I was not informed by the judge that it was possible that I could get deported because of this case.
>
> 7.  I do not believe that I was given the appropriate immigration warnings as required.

Affidavit of George Wassouf, dated October 26, 2000.  (Exhibit 3 to document no. 242).

The state court accepted petitioner's argument and vacated the challenged convictions on January 17, 2001.  Sometime later, the INS dismissed the pending removal proceedings that were based upon those convictions, without prejudice.

So, well before petitioner pled guilty to bank fraud in this court (August 20, 2001), he had pled guilty to similar state charges, faced removal proceedings as a result, recognized the

8

connection between those similar convictions and removal, moved to vacate his pleas and convictions on grounds that he would not have pled guilty had he known of the possibility of removal based upon those convictions, and was successful in getting the convictions vacated — all to facilitate avoidance of the removal consequences of his pleas and convictions.

There is more.  At the time of sentencing in this case, the INS had not yet dismissed the deportation proceedings based upon the then-vacated state convictions in the Lowell District Court. So, at the sentencing hearing before this court, counsel for petitioner asked the court to recommend that the Bureau of Prisons designate the facility at Fort Devens as the place where petitioner would serve his sentence.

> Mr. Saxe:  Your Honor, and I would request, I know it's not your practice to make recommendations for designations, but in this case I have spoken with Attorney Evans, I've also spoken with another attorney that was employed by the defendant, Attorney Laganna (ph) regarding ongoing immigration issues.  I know that - - I'm not an immigration lawyer, so I don't know exactly what they are going to be trying to do, but I know that there is ongoing communication between them and has been, between my client and those attorneys since I came into this case, and if the court could make an exception in this case and recommend Fort Devens, that would help my client and his immigration attorneys, and would also help his family to maybe be able to see him while he's incarcerated.

<u>See</u> Transcript, Sentencing Hearing (document no. 224) at 4-5.

9

Given this record, petitioner cannot credibly assert that had his appointed trial defense counsel personally told him of the potential deportation consequences of his guilty plea and conviction, he never would have pled guilty and would have insisted on going to trial.  Petitioner knew perfectly well what the removal consequences could be, indeed at that time he was represented by legal counsel familiar with immigration law, who were working on his behalf with respect to removal proceedings based upon similar state convictions.  And, his trial defense counsel was communicating with petitioner's immigration attorneys, as was petitioner, prior to his guilty plea in this court and through and after sentencing.  It is inconceivable that petitioner did not discuss the potential effect of his plea in this case with immigration counsel, and it is equally inconceivable that petitioner did not fully understand the potential deportation consequences of his plea and conviction in his federal criminal case.

Finally, the evidence against petitioner with respect to the bank fraud charge was overwhelming.  The plea agreement represented a rational and beneficial disposition of the case in petitioner's interest, given the risks he faced if he proceeded to trial.  Petitioner assured the court during the plea colloquy, while he was under oath, that the prosecutor's factual proffer

was accurate; that he was in fact guilty, and that he understood that he would be found guilty based on his plea alone should the court accept that plea.  Under all of these circumstances, petitioner cannot show prejudice under Strickland.  He simply cannot credibly argue that he would not have pled guilty and would have insisted on going to trial if only his defense counsel had personally told him what he already very well knew.

The other issues raised by petitioner are without merit. For example, petitioner seems to ask this court to vacate his final order of removal — a request he has unsuccessfully pursued in other districts as well.  But, that is a matter over which this court is without jurisdiction.  8 U.S.C. § 1252(a)(5); Hernandez v. Gonzales, 424 F.3d 42 (1st Cir. 2005).  (The government advises that petitioner is also challenging his final order of removal in the United States Court of Appeals for the District of Columbia.  See Wassouf v. United States Department of Homeland Security, CA No. 10-5261 (D.C. Cir.)).

## Conclusion

Because petitioner cannot meet the prejudice test under Strickland, he is not entitled to the relief he seeks, even if Padilla is deemed retroactively applicable to his petition.  The

petition for coram nobis relief is denied.  The clerk shall close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

February 7, 2011

cc: George Wassouf, pro se
    Aixa Maldonado-Quinones, AUSA